## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| ZEBRA TECHNOLOGIES, CORPORATION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:21-CV-0055-K |
| ONASSET INTELLIGENCE, INC., | § § | |
| Defendant. | § | |

## ORDER

The Court has informally notified the parties regarding its intent to use a Special Master in this proceeding, and the parties have all consented to the terms of this Order. The Court hereby appoints Daniel Denton as Special Master for this proceeding to perform the duties of an adjunct law clerk and technical advisor. Mr. Denton's contact information is as follows:  Law Offices of Daniel Denton, 6301 Gaston Ave., Suite 550, Dallas, Texas, 75214; Phone: (972) 997-5309; E-mail: denton@lawyer-dfw.com.

This appointment is made pursuant to Rule 53 and the inherent authority of the Court. "Beyond the provisions of (FED. R. CIV. P. 53) for appointing and making references to Masters, a Federal District Court has 'the inherent power to supply itself with this instrument for the administration of justice when deemed by it essential.'" *Ruiz v. Estelle*, 679 F.2d 1115, 1161 n. 240 (5th Cir. 1982), *amended in part, vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983) (internal

citations omitted). As Rule 53 requires, this Order sets out the duties and terms of the Special Master, the reasons for the appointment, and orders the Special Master to proceed with all reasonable diligence. *See* FED. R. CIV. P. 53(b)(2).

## I.    Master's Duties

Rule 53(a)(1)(A) states that the Court may appoint a master to "perform duties consented to by the parties." The Court has reviewed recent legal authority addressing the duties of a Special Master that are permitted under the Federal Rules of Civil Procedure and Article III of the Constitution. *See, e.g.*, FED. R. CIV. P. 53 (advisory committee's notes discussing the range of duties and authority of the Special Master). Consistent with this legal authority, the currently-anticipated needs of the Court, and the parties' broad consent, the Court states that the Special Master in these proceedings shall have the authority to:

1)    assist the Court with preparation for claim construction, including review of claim construction filings, legal and technical research, and analysis;

2)    perform the duties of an adjunct law clerk by assisting the Court with dispositive motions, trial, and any other aspect of this case;

3)    communicate with the attorneys as needs may arise in order to promote the full and efficient performance of these duties.

2

Consistent with these duties, the Special Master shall perform the duties of an adjunct law clerk and technical advisor. The Court will preside over any hearings and issue all orders regarding motions pending in the Court.

## II.     Communications with the Parties and the Court

Rule 53(b)(2)(B) directs the Court to set forth "the circumstances – if any – in which the master may communicate ex parte with the court or a party." FED. R. CIV. P. 53(b)(2)(B). The Special Master may communicate ex parte with the Court at the Special Master's discretion, without providing notice to the parties, in order to assist the Court with legal analysis of the parties' submissions and inform the court of legal and technical research. The Special Master may also communicate ex parte with the Court, without providing notice to the parties, regarding logistics, the nature of his activities, and other appropriate procedural matters.

The Special Master may only communicate with the parties or attorneys if a representative for all parties is present in person or by phone. Such communications shall not address the merits of any substantive issue without prior approval of the Court.

## III.    Master's Record

Rule 53(b)(2)(C) states that the Court must define "the nature of the materials to be preserved and filed as a record of the master's activities." FED. R. CIV. P. 53(b)(2)(C). The Special Master shall maintain normal billing records of his time spent

on this matter, with reasonably detailed descriptions of his activities and matters worked upon. However, the Special Master need not preserve for the record any documents created by the Special Master, nor any documents received by the Special Master from counsel in this case. The Special Master is not required to and will not submit any formal report or recommendation regarding any matter for electronic filing on the case docket.

## IV.   Review of the Special Master's Orders

Rule 53(b)(2)(D) directs the Court to state "the time limits, method of filing the record, other procedures, and standards for reviewing the master's orders, findings, and recommendations." FED. R. CIV. P. 53(b)(2)(D). However, the Special Master will be serving as an adjunct law clerk and in a technical advisor role, therefore, he will not be producing any orders, findings, or recommendations for the record.

## V.   Compensation

Rule 53(b)(2)(E) directs the Court to state "the basis, terms, and procedure for fixing the master's compensation under Rule 53(g)." FED. R. CIV. P. 53(b)(2)(E). The Special Master shall be compensated at his current rate of two hundred and fifty dollars ($250.00) per hour. The parties shall bear this cost, and the cost shall be divided equally between the parties and as directed in the terms of each order approving an Itemized Statement of fees and expenses submitted by the Special Master. The Special Master shall incur only such fees and expenses as may be reasonably necessary to fulfill

his duties under this Order, or such other Orders as the court may issue. The Court has "consider[ed] the fairness of imposing the likely expenses on the parties and [has taken steps to] protect against unreasonable expense or delay." FED. R. CIV. P. 53(a)(3).

On the first business day of every month, the Special Master shall submit directly to the Court an Itemized Statement of fees and expenses (as discussed in Section III), not to include overhead, which the Court will inspect carefully for regularity and reasonableness. Given that one of the duties of the Special Master is to assist the Court with legal analysis of the parties' submissions, the Court expects these Itemized Statements will reveal confidential communications between the Special Master and the Court. Accordingly, the Court shall maintain these Itemized Statements under seal, and they shall not be made available to the public or counsel.

Also on the first business day of every month, the Special Master shall file under seal on the Court's electronic document filing system a Summary Statement, certifying the total hours worked, total costs incurred, and total fees for the previous month. This Summary Statement shall not reflect any confidential information and shall contain a signature line for the Court, accompanied by the statement "approved for disbursement." If the Court determines the Itemized Statement is regular and reasonable, the Court will sign the corresponding Summary Statement and transmit it to the parties. Each party shall then remit payment directly to the Special Master (at

the aforementioned address) its share of any Court-approved amount within 14 calendar days of Court approval.

## VI.   Affidavit

Rule 53(b)(3) notes that the Court may enter an Order of appointment "only after the master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. §455." *See also* FED. R. CIV. P. 53(a)(2) (discussing grounds for disqualification). Attached to this Order is the affidavit previously submitted to the court by the Special Master.

## VII.   Master's Authority

The Special Master shall have the full cooperation of the parties and their counsel. Regarding Rule 53(c), however, the Special Master shall not have the authority to regulate any proceedings or impose any sanctions on the parties. The parties will make readily available to the Special Master any and all facilities, files, databases, and documents which are necessary to fulfill the Special Master's functions under this Order.

**SO ORDERED.**

Signed August 13th, 2021.

Ed Kinkeade

ED KINKEADE
UNITED STATES DISTRICT JUDGE

6

**Agreed as to Substance and Form:**

By: _____

Brent A. Hawkins (pro hac vice)
California Bar No. 314266
Illinois Bar No. 6243086
brent.hawkins@morganlewis.com
Elizabeth M Chiaviello
Texas Bar No. 24088913
elizabeth.chiaviello@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Telephone: (415) 442-1000
Facsimile: (415) 442-1001
ATTORNEY FOR PLAINTIFF ZEBRA TECHNOLOGIES CORPORATION

AND


By: _____

Gary R. Sorden
Texas Bar No. 24066124
gsorden@coleschotz.com
James R. Perkins
Texas Bar No. 24074881
jperkins@coleschotz.com
COLE SCHOTZ, P.C.
901 Main Street, Suite 4120
Dallas, Texas 75202
Tel: (469) 557-9390
Fax: (469) 533-1587
ATTORNEY FOR DEFENDANT ONASSET INTELLIGENCE, INC.

7

**Agreed as to Substance and Form:**


By:     _____
        Brent A. Hawkins (pro hac vice)
        California Bar No. 314266
        Illinois Bar No. 6243086
        brent.hawkins@morganlewis.com
        Elizabeth M Chiaviello
        Texas Bar No. 24088913
        elizabeth.chiaviello@morganlewis.com
        MORGAN, LEWIS & BOCKIUS LLP
        One Market, Spear Street Tower
        San Francisco, CA 94105
        Telephone: (415) 442-1000
        Facsimile: (415) 442-1001
        ATTORNEY FOR PLAINTIFF ZEBRA TECHNOLOGIES CORPORATION

AND


By:     _____
        Gary R. Sorden
        Texas Bar No. 24066124
        gsorden@coleschotz.com
        James R. Perkins
        Texas Bar No. 24074881
        jperkins@coleschotz.com
        COLE SCHOTZ, P.C.
        901 Main Street, Suite 4120
        Dallas, Texas 75202
        Tel: (469) 557-9390
        Fax: (469) 533-1587
        ATTORNEY FOR DEFENDANT ONASSET INTELLIGENCE, INC.

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZEBRA TECHNOLOGIES CORPORATION, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. |
| v. | § § | 3:21-CV-0055-K |
| ONASSETT INTELLIGENCE, INC., | § § | |
| Defendant. | § § | |

AFFIDAVIT OF DANIEL DENTON
TENDERED PURSUANT TO FED. R. CIV. P. 53

STATE OF TEXAS          §
                                  §
COUNTY OF DALLAS    §

DANIEL DENTON, being first duly sworn according to law, states the following:

1. "I am an attorney at law duly licensed to practice law in the State of Texas, State Bar Number 24075843. My bar admissions are as follows: State of Texas; United States District Court – Northern District of Texas; United States District Court – Eastern District of Texas; and United States Patent and Trademark Office.

2. "I have familiarized myself with the above captioned matter. I do not have any relationship to the parties, attorneys, action, or Court that would require disqualification of a Judge under 28 U.S.C. §455.

- 1 -

3. "There are no non-disclosed grounds for disqualification under 28 U.S.C. §455 or Federal Rule of Civil Procedure 53 that would prevent me from serving as the Special Master in the above captioned matter."

DANIEL DENTON

Sworn to before me and subscribed in my presence June 22, 2021.

MONIQUE BLAND
Notary Public, State of Texas
Comm. Expires 05-05-2025
Notary ID 1084899-7

Notary Public

- 2 -