IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZEBRA TECHNOLOGIES CORPORATION, | § § § § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 3:21-CV-0055-K |
| | § | |
| ONASSET INTELLIGENCE, INC. | § § | |
| Defendant. | § | |

## MEMORANDUM ORDER AND OPINION

Before the Court is Defendant OnAsset Intelligence, Inc.'s Motion for Leave to Amend Invalidity Contentions (the "Motion") (Doc. No. 105). Plaintiff Zebra Technologies Corporation's Opposition to the Motion (the "Response") (Doc. No. 108) and OnAsset Intelligence, Inc. filed a Reply in Support of the Motion (the "Reply") (Doc. No. 113). The Court has carefully considered the Motion, the Response, the Reply, the supporting exhibits, and the appropriate legal standards. For the foregoing reasons, the Court **GRANTS in part and DENIES in part** Defendant OnAsset Intelligence, Inc.'s Motion to amend its invalidity contentions.

### I. Relevant Background

Plaintiff Zebra Technologies, Inc. ("Zebra") initiated this patent infringement dispute against Defendant OnAsset Technologies Inc. ("OnAsset") on January 8, 2021. Zebra asserts that OnAsset infringed patents that Zebra has the right to enforce. *See generally* Doc. No. 1. The two patents-in-suit are U.S. Pat. Nos. 6,895,219 (the "'219 Patent") and 10,496,952 (the "'952 patent"). The Court issued its Scheduling Order on

April 23, 2021.  Doc. No. 25.  In accordance with the Court's local rules, Zebra served its preliminary invalidity contentions on OnAsset on April 27, 2021.  Doc. No. 26.  OnAsset served Zebra with preliminary invalidity contentions in June 2021. *See* Doc. No. 35 (order extending OnAsset's deadline to serve preliminary invalidity contentions to June 3, 2021).

On September 17, 2022, OnAsset filed an unopposed motion to stay this matter pending a final determination by the U.S. International Trade Commission in an investigation initiated on a complaint filed by Zebra based, in part, on OnAsset's alleged infringement of the '219 Patent (the "ITC Investigation").  *See* Doc. No. 60.  The Court granted the unopposed motion, Doc. No. 67, and the case remained stayed until June 1, 2023, when it was lifted, Doc. No. 84.  Thereafter, the Court issued a Scheduling Order resetting certain deadlines.  Doc. No. 95; *see also* Doc. No. 106 (extending deadlines for discovery and expert witnesses). OnAsset filed this Motion on March 12, 2024, seeking leave to amend its invalidity contentions.

## II.  The Motion to Amend Invalidity Contentions

### A.  The '219 Patent

OnAsset seeks to amend its invalidity contentions related to the '219 Patent.  While this matter was stayed, OnAsset argues that it developed and honed its invalidity arguments and theories related to the '219 Patent in the ITC investigation.  OnAsset seeks to amend its contentions here to match those invalidity theories presented in the ITC investigation. Zebra does not oppose amendment of OnAsset's invalidity contentions as to the '219 patent.

On this record, the Court finds that good cause exists for OnAsset to amend its invalidity contentions for the '219 patent to conform to those asserted in the ITC Investigation. *See* Misc. Order 62 at ¶ 3-7 (movant must show good cause to amend its invalidity contentions). Accordingly, the Court **GRANTS** OnAsset leave to amend these invalidity contentions.

B. The '952 Patent

OnAsset also seeks leave to amend its '952 Patent invalidity contentions. OnAsset argues that good cause exists for the amendment and that its proposed amendment is a clarification of the previously asserted preliminary invalidity contentions. The proposed amendment relates to the combination of OnAsset's SENTRY 500 device and Sentinel tags. According to OnAsset, it has used this combination since as early as 2013, which is before the priority date for the '952 Patent. OnAsset asserts that it purchased tags from third-party Stick-NFind (the "Stick-NFind tags") which OnAsset added to its own SENTRY 500 device. It appears by the proposed amendment that OnAsset is attempting to clarify that, while it called these tags "Sentinels", the Sentinels are the same or similar devices that OnAsset bought from Sick-NFind and combined with OnAsset's SENTRY 500 device and that OnAsset asserts the combination of the SENTRY 500 and the Stick-NFind tags as prior art against the '952 Patent.

Zebra opposes this amendment. Zebra argues that OnAsset cannot show good cause for the amendment because OnAsset was in possession of the information needed to make the amendment at the time of OnAsset's preliminary invalidity contentions, OnAsset

waited years to seek leave to amend, and Zebra will be harmed by the delay that adding new invalidity infringement contentions will cause.

The timeframe for a party to serve or amend invalidity contentions is governed by the Court's local rules. *See* Misc. Order 62 at ¶ 3-3, 3-6, and 3-7. In the circumstances presented in the Motion, OnAsset must show good cause to amend its invalidity contentions. *Id*. at ¶ 3-7. Decisions enforcing local rules in patent cases are reviewed for an abuse of discretion. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366-67 (Fed. Cir. 2006). A court has broad discretion when making a determination to allow a party to amend invalidity contentions. *Id.* Since local rules related to patent proceedings are unique to patent cases and have a close relationship to enforcement of substantive patent law, interpretation of local patent rules is determined under Federal Circuit law. *Id*. at 1364-65.  "[U]nlike the liberal policy for amending pleadings, the philosophy behind amending claim charts … is decidedly conservative." *Genetech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 744 (Fed. Cir. 2002).

Furthermore, the Federal Circuit has held that the local patent rules of the Northern District of California, which are very similar to those of the Northern District of Texas, require a showing of diligence on the part of the movant to satisfy the good cause requirement of the local rules and that the burden of showing diligence is on the movant. *O2 Micro*, 467 F.3d at 1366 (affirming district court's ruling denying leave to amend because of movant's failure to show good cause). "If the parties were not required to amend their contentions promptly after discovering new information, the contentions requirement

would be virtually meaningless as a mechanism for shaping the conduct of discovery and trial preparation." *Id*.

The factors a court considers when a party moves to amend pleadings are also relevant to a motion to amend patent contentions under the local rules. *See Nabors Drilling Techs. USA, Inc. v. Helmerich & Payne Int'l Drilling Co.*, 3:20-CV-03126-M, 2023 WL 3313528, at *2 (N.D. Tex. Mar. 27, 2023) (Lynn, J.); *BookIT Oy Ajanvarauspalvelu v. Bank of Am. Corp.*, No. 3:17-CV-2577-K, 2019 WL 13156601, at *3 (N.D. Tex. Feb 11, 2019). These factors include: 1) the explanation for the failure to amend by the deadline; 2) the importance of the amendment; 3) any potential prejudice in allowing the amendment; and 4) the availability of a continuance to cure such prejudice. *S&W Enters., L.L.C. v. Southtrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003).

OnAsset argues that leave to amend should be granted because it has shown good cause, the amendment is important, and Zebra will not be prejudiced by the amendment. Zebra responds that good cause does not exist because the amendment is not based on new information but is instead based on information that OnAsset knew about at the time it served its preliminary contentions and that allowing the amendment at this stage of the litigation would be highly prejudicial to Zebra's ability to prepare for the trial of this matter.

The Court first addresses the good cause showing that is required by this Court's local rules under these circumstances. *See* Misc. Order 62 at ¶ 3-7. To satisfy its burden, OnAsset must show that it was diligent in seeking leave to amend. *See O2 Micro*, 467 F.3d at 1366; *Nabors Drilling*, 2023 WL 3313528 at *2.

OnAsset argues that it was diligent in seeking leave to amend because it promptly conferred with Zebra seeking agreement to the proposed amendment and then promptly filed this Motion when Zebra failed to agree to the amendment. OnAsset asserts that, in the course of responding to interrogatories from Zebra, OnAsset noticed that its initial invalidity contentions were not as clear as perhaps OnAsset wanted them to be. In particular, OnAsset was concerned that the current invalidity contentions did not make it clear that OnAsset was asserting the obvious combination of OnAsset's SENTRY 500 device and the Stick-NFind tags. To address this issue, OnAsset provided an interrogatory response that included the assertion that this combination of the SENTRY 500 device and the Stick-NFind tags was an obvious combination of existing prior art that was in existence prior to the priority date of the '952 Patent. OnAsset also presented this invalidity argument in the invalidity contentions to which it requested Zebra agree.

Zebra responds that OnAsset cannot show diligence in seeking leave to amend because the proposed amendment is not based on new information, but on information OnAsset has been aware of before the start of this litigation. According to Zebra, since OnAsset was aware of this information at the time it submitted its preliminary invalidity contentions, the alleged preexisting obvious combination of the SENTRY 500 and the Stick-NFind tags should have been alleged at that time. Zebra asserts that OnAsset's request to add this contention now, years after the deadline to serve preliminary infringement contentions, shows OnAsset was not diligent in seeking leave to amend.

The Court agrees with Zebra's assertion that OnAsset was not diligent in seeking to amend it invalidity contentions. By OnAsset's own admission, this is not a situation where

a party is presenting newly discovered information and seeks leave to amend based on that newly discovered information. Instead, it is the complete opposite of that situation. The asserted pre-existing combination of the SENTRY 500 and the Stick-NFind tags was OnAsset's own combination. According to OnAsset, it made this combination as early as 2013 when it purchased the Stick-NFind tags from a third party and combined them with OnAsset's SENTRY 500. Since OnAsset made this combination itself, it was aware of the existence of the combination along with the functions and features of the combination as early as 2013.

The Court is not persuaded by OnAsset's argument that it was diligent in seeking leave to amend by promptly providing the invalidity allegations regarding the combination once it realized, according to OnAsset, that its current invalidity contentions were not entirely clear. This occurred in early 2024, which was years after OnAsset was required under the local rules to make its preliminary infringement contentions and several more years after OnAsset created the combination of the SENTRY 500 and the Stick-NFind tags. OnAsset's diligence in seeking leave to amend is not purely based on the time frame in which it discovered that this argument was not clearly made in its preliminary infringement contentions. Instead, OnAsset's obligation to assert its invalidity contentions is also based upon when OnAsset possessed the information needed to present the invalidity argument. Here, by its own admission, OnAsset knew about this particular combination as early as 2013, long before this lawsuit was initiated and long before OnAsset was required to disclose its preliminary infringement contentions. For these reasons, the Court finds that OnAsset was not diligent in its efforts to amend its invalidity

contentions regarding the '952 Patent. Since it was not diligent, OnAsset cannot satisfy the good cause requirement for amending its invalidity contentions required by this Court's local rules.

While good cause, and the underlying showing of diligence, is a primary consideration in whether the Court should grant leave to amend, the other considerations do not strongly support granting leave to amend.

OnAsset argues that the proposed invalidity amendment is important because it makes clear that OnAsset asserts a pre-existing obvious combination of the SENTRY 500 and the Stick-NFind tags against the '952 patent. If such a combination reads on the asserted claims of the '952 patent, then those claims would be invalid. The Court understands that this argument alone suggests the importance of the amendment because it could possibly lead to invalidating claims of the '952 Patent.  OnAsset, however, also makes the argument that it is not, in fact, amending its invalidity contentions but is, instead, only clarifying its position.  OnAsset argues that since the devices or similar devices were disclosed in the preliminary invalidity contentions, OnAsset is only trying to make it clear that, at the time of service of the preliminary invalidity contentions, it asserted this combination.

If OnAsset's assertion is correct, then it already met its obligations to disclose the invalidity argument when it served its preliminary invalidity contentions. Therefore, OnAsset's amendment, as proposed, is not important because the invalidity contention has already been asserted and denying the Motion does not preclude OnAsset from presenting

this ground for invalidity or from pursuing any other invalidity contentions that were included in OnAsset's current invalidity contentions.

The Court notes that the parties did not request the Court make a determination as to whether or not the current proposed amendment is merely a clarification of existing invalidity arguments or if it is a new basis for invalidity that was not previously asserted. The Court does not make any such determination herein.

Further, the Court believes that allowing this amendment now, which adds a new contention, would prejudice Zebra. OnAsset filed this Motion very near the end of fact discovery and very close to the deadline for opening expert reports—so close in fact that the deadlines expired mere days after briefing on this Motion was completed. It also appears that the parties have not engaged in discovery related to the specific combination of the SENTRY 500 and the Stick-NFind tags and that the parties have not taken this combination into consideration in preparing expert reports for this matter. Were the Court to allow the amendment, it would most likely require reopening discovery and extending expert report deadlines. In addition, permitting the amendment would most likely force Zebra to reopen its preparation of this case based on the new contentions as Zebra has already worked to prepare its case based on what has already been alleged. The Court also notes that OnAsset did not file this Motion to "clarify" or amend its invalidity contentions until more than 9 months after the Court lifted the stay of this matter.  Had OnAsset sought to amend its invalidity contentions at or near the time the stay was lifted, the parties would have had sufficient time to conduct discovery and to prepare expert reports on the allegations. Instead, OnAsset presented this Motion near the close of discovery.

OnAsset has not shown good cause to amend its invalidity contentions, the proposed amendments as to the '952 Patent are merely clarifications of the existing contentions (by OnAsset's own argument), and allowing an amendment adding new contentions at this point would prejudice Zebra. Accordingly, the Court **DENIES** OnAsset's request for leave to amend its invalidity contentions for the '952 Patent.

## III. Conclusion

The Court **grants in part and denies in part** Defendant OnAsset Intelligence, Inc.'s Motion for Leave to Amend Invalidity Contentions. OnAsset is **granted** leave to amend its invalidity contentions for the '219 Patent as proposed **no later than August 13, 2024**. OnAsset is **denied** leave to amend its invalidity contentions for the '952 Patent.

**SO ORDERED.**

Signed July 22, 2024.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE