# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| ZEBRA TECHNOLOGIES CORPORATION, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-00055-K |
| ONASSET INTELLIGENCE, INC. | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff Zebra Technologies Corporation's Unopposed Motion for Leave to File Under Seal Plaintiff's Motion to Compel and Certain Exhibits in Support; Defendant OnAssett Intelligence, Inc.'s Unopposed Motion for Leave to File Under Seal OnAsset's Response to Motion to Compel and Certain Exhibits in Support (Doc. No. 116); and the related briefing of the parties for each motion to seal including:

- OnAsset's Revised Sealed Brief in Support of Filing Under Seal Certain Exhibits to Plaintiff's Motion to Compel [DKT. 112] (Doc. No. 141);

- OnAsset's Revised Public Brief in Support of Filing Under Seal Certain Exhibits to Plaintiff's Motion to Compel [DKT. 112] (Doc. No. 142);

- OnAsset's Public Brief in Support of Filing Under Seal Certain Exhibits to Its Response to Motion to Compel [DKT. 116] (Doc. No. 118);

- OnAsset's Sealed Brief in Support of Filing Under Seal Certain Exhibits to Its Response to Motion to Compel [DKT.116] (Doc. No. 119);

- Plaintiff Zebra Technologies Corporation's Sealed Brief in Support of Filing Under Seal Certain Exhibits to Defendants' Response to Plaintiff's Motion to Compel (Doc. No. 123); and

- OnAsset's Sealed Response to Zebra's Sealed Brief in Support of Filing Under Seal Certain Exhibits to Defendant's Response to Plaintiff's Motion to Compel (Doc. No. 133).

In relation to the motions, Plaintiff Zebra Technologies Corporation ("Zebra") and Defendant OnAsset Intelligence, Inc. ("OnAsset") request sealing of certain portions of the record in this matter.

## I.    Applicable Law

The public enjoys presumptive access to documents filed with the Court. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). Although private interests may outweigh the public's presumptive right, the Court will deny the public access to documents only for weighty and specific reasons after "line-by-line" review of the documents. *IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 411 (5th Cir. 2023); *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). Even good cause to deny access is not enough. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).

A court is not free to override the public's interest in reviewing court records based on bare possibilities or assertions. *Vantage Health*, 913 F.3d at 451. When the existence or magnitude of countervailing private interests turns on facts that are not readily apparent, the court must have a concrete evidentiary basis for finding those facts. *See IFG Port Holdings*, 82 F.4th at 411–12 (refusing to rely on conclusory testimony about a party's competitive interest); *see also Tarver v. Allstate Tex. Lloyd's*, 2022 WL 704941, at *9 (E.D. Tex. Feb. 18, 2022), *rep. & rec. adopted*, 2022 WL 696358 (E.D. Tex. Mar. 7, 2022); *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 678–79 (3d Cir. 2019); *DePuy Synthes Prod., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1373 (Fed. Cir. 2021). Interests that depend on project-specific, firm-specific, or industry-specific facts often will not be obvious and will require particularized evidentiary support. *See, e.g., Ironshore Specialty Ins. Co. v. Facility IMS, LLC*, Civ. Action No. 3:23-CV-00296-K, 2023 WL 6850006, at *12 (N.D. Tex. Oct. 17, 2023); *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 210 (E.D.N.Y. Mar. 15, 2024); *In re Document Techs. Litig.*, 282 F. Supp. 3d 743, 748–51 (S.D.N.Y. 2017); *Bayer CropScience Inc. v. Syngenta Crop Prot., LLC*, 2013 WL 12137000, at *1 (M.D.N.C. Dec. 12, 2013).

### A.    Zebra's Unopposed Motion for Leave to File Under Seal Plaintiff's Motion to Compel and Certain Exhibits in Support (Doc. No. 111)

In a previous order (Doc. No. 127) (the "Order"), the Court addressed in part Zebra's Unopposed Motion for Leave to File Under Seal (Doc. No. 111) and unsealed Zebra's Motion to Compel (Doc. No. 111-1) and Exhibits 2 & 3 (Doc. Nos. 111-3 &

111-4). *See* Doc. No. 127 at 1-2 (directing the clerk unseal of these documents because OnAsset, as the party with the alleged interest in sealing, "does not request that the Court seal" these filings). However, in that same order, the Court denied without prejudice OnAsset's request to seal Exhibit 1 (Doc. No. 111-2) and Exhibit 4 (Doc. No. 111-5). *See* Doc. No. 114 (OnAsset's public brief in support of sealing these exhibits). The Court noted that it appeared sealing Exhibit 1 and Exhibit 4 may be warranted but that OnAsset did not provide support for its sealing requests. *See* Doc. No. 127 at 12. The Court granted OnAsset leave to file an amended sealing brief regarding these exhibits to properly support its sealing requests. *Id*.

OnAsset filed its Revised Sealed Brief in Support of Filing Under Seal Certain Exhibits to Plaintiff's Motion to Compel [DKT. 112] (Doc. No. 141) and OnAsset's Revised Public Brief in Support of Filing Under Seal Certain Exhibits to Plaintiff's Motion to Compel [DKT. 112] (Doc. No. 142) (together the "Amended Sealing Briefs"). In its Amended Sealing Briefs, OnAsset presses its request to seal Exhibit 1 (Doc. No. 111-2), but abandons its request to seal Exhibit 4 (Doc. No. 111-5) in light of Zebra filing a publicly available redacted and excerpted version of this document. The Court, therefore, **denies as moot** the request to seal Exhibit 4.

As for Exhibit 1, OnAsset asserts that Exhibit 1 should be sealed because it contains OnAsset's highly confidential financial information and release of this information would cause it harm that outweighs the public's interest in open court records. OnAsset requests only the sealing of page 6 of Exhibit 1 (Doc. No. 111-2),

asserting that this page contains information regarding OnAsset's gross revenue, net profits, and profit margins, which it does not disclose publicly.

Having reviewed this page line-by-line the Court finds that page 6 of Exhibit 1 (Doc. No. 111-2) warrants sealing. The information contained on this page contains highly confidential information that OnAsset does not publicly disclose. Disclosure of this information would cause significant competitive harm to OnAsset because its competitors could use this information to gain an unfair competitive advantage over OnAsset. For these reasons, the Court **ORDERS** that page 6 of Exhibit 1 (Doc. No. 111-2) shall remain under seal.

**B.     OnAsset's Unopposed Motion for Leave to File Under Seal OnAsset's Response to Motion to Compel and Certain Exhibits in Support (Doc. No. 116)**

OnAsset requests the Court seal only Exhibit 10 (Doc. No. 116-8) filed in support of its response to Zebra's motion to compel. *See generally* Doc. No. 118 (public sealing brief).  OnAsset requests that Exhibit 10 in its entirety or, in the alternative, certain portions of this exhibit be sealed because, according to OnAsset, it contains OnAsset's confidential financial information.

The Court has reviewed Exhibit 10 page-by-page, line-by-line, in balancing the public and private interest. The Court finds that sealing the entire exhibit is not justified. However, the Court agrees that portions of this exhibit should not be disclosed because that would cause unfair competitive harm to OnAsset. The exhibit is

an excerpt from OnAsset's responses to certain interrogatories, and certain portions of these responses warrant sealing.

First, in response to Interrogatory Number 16, OnAsset provides a table of revenue that it received for certain customer subscriptions (the "Table"). Second, in response to Interrogatory Number 17, OnAsset provides its specific cost of a certain component part, the Telit HE910, of an accused product (the "Telit HE910 price"). OnAsset does not publicly disclose any of this information. In addition, public disclosure of this information would cause unfair competitive harm to OnAsset because competitors could use the disclosure of the information to gain an unfair competitive advantage. The Court agrees that sealing of the Table and the Telit HE910 price is warranted. However, the Court finds that OnAsset fails to provide any reason or sufficient support to justify sealing the remainder of Exhibit 10.

For these reasons, the Court **ORDERS** that the Table on page A918 and the Telit HE910 price on page A920 may be filed under seal. The remainder of Exhibit 10 (Doc. No. 116-8) must be made publicly available.

Zebra also filed a sealing brief regarding Exhibit 2 (Doc. No. 116-2), Exhibit 6 (Doc. No. 116-3), and Exhibit 9 (Doc. No. 116-4), filed in support of Defendant's response to the motion to compel, as originally filed. Zebra argues that these exhibits contain information that warrants sealing.

The Court first addresses Exhibit 2 and Exhibit 9. Although it asserts that these exhibits contain information that warrants sealing, Zebra proposes that the proper

course of action would be to file substitute excerpted exhibits that would provide the evidentiary support claimed by OnAsset in its response but would remove any confidential information which, according to Zebra, is unnecessary for the Court's determination of the underlying motion. Both Exhibit 2 and Exhibit 9 are expert reports submitted in their entirety. Zebra points out that the portions of the reports to which OnAsset cites in support of its response are not the same portions that contain Zebra's confidential information. Therefore, Zebra contends that excerpted exhibits would suffice to provide OnAsset's support without the need to address sealing of either Exhibit 2 or Exhibit 9.

In response, OnAsset states that it agrees that an excerpted report would suffice for Exhibit 9, but not for Exhibit 2. Doc. No. 133 at 1. For the first time in this response, OnAsset raises a concern that even an excerpted version of Exhibit 2 (as proposed) includes OnAsset's own confidential information that should be sealed. The Court first points out that OnAsset did not assert its own interest in sealing Exhibit 2 in its original sealing brief. *See generally* Doc. No. 118 (public sealing brief). Perhaps OnAsset assumed that Zebra would take the required steps to successfully establish that sealing Exhibit 2 in its entirety is warranted. *See* Doc. No. 133 (sealed brief) at 2, fn. 2. Nevertheless, OnAsset now asserts that Exhibit 2 or at least certain portions of it should be sealed because it contains OnAsset's confidential financial information. OnAsset specifically requests sealing Figure 1 and Figure 2. According to OnAsset, Figure 1 contains OnAsset's number of units sold and royalty opinion information that

can be used to derive the number of units sold, and Figure 2 contains OnAsset's revenue for accused products. OnAsset asserts that disclosure of this information will result in competitors and potential customers using the information in a manner that will cause unfair harm to its business and potential business.

The Court has reviewed these pages line-by-line in balancing the interests. The Court finds that sealing Figure 1 and Figure 2 of even an excerpted version of Exhibit 2 is warranted to prevent unreasonable competitive harm to OnAsset, which outweighs the public's interest in disclosure of this information. For these reasons, the Court **grants** leave to file a substituted excerpted version of Exhibit 2 (as proposed) and **orders** that Figure 1 and Figure 2 of that substituted version of Exhibit 2 may be filed under seal.

As for Exhibit 9, the Court **grants** the parties' agreed request to file a substituted excerpted version of Exhibit 9 (as proposed). For this reason, the Court **denies as moot** the request to seal Exhibit 9 as filed in its entirety (Doc. No. 116-4).

The Court turns now to Zebra's request to seal Exhibit 6 (Doc. No. 116-3) filed in support of OnAsset's response to the motion to compel. Zebra asserts that this exhibit contains detailed information regarding products it sold for a number of years including the particular number of units sold and the related revenue from those sales, which is information that Zebra does not publicly disclose.

The Court has reviewed Exhibit 6 page-by-page, line-by-line in balancing the public and private interests. The Court finds that sealing the entirety of Exhibit 6 is

warranted. The entire document lists Zebra's sales numbers and revenue amounts in a manner that, if disclosed, would cause it competitive harm, and this harm outweighs the public's interest in open court records. For these reasons, the Court **grants** leave to file Exhibit 6 (Doc. No. 116-3) in its entirety under seal.

## III.    Conclusion

In accordance with the Court's rulings herein:

1. Plaintiff Zebra Technologies Corporation's Unopposed Motion for Leave to File Under Seal Plaintiff's Motion to Compel and Certain Exhibits in Support (Doc. No. 111) is **GRANTED** as to OnAsset's request to seal page 6 of Exhibit 1 (Doc. No. 111-2) to the Zebra's motion to compel. Plaintiff Zebra Technologies Corporation's Unopposed Motion for Leave to File Under Seal Plaintiff's Motion to Compel and Certain Exhibits in Support (Doc. No. 111) is **DENIED** as to all other sealing requests made in relation to the motion not already ruled on by the Court in its previous order (Doc. No. 127), including the request for leave to file under seal the remainder of Exhibit 1 (Doc. No. 111-2) and Exhibit 4 (Doc. No. 111-5).

2. OnAsset's Unopposed Motion for Leave to File Under Seal OnAsset's Response to Motion to Compel and Certain Exhibits in Support (Doc. No. 116) is **GRANTED** as to:

- OnAsset's requests to seal the table included in its response to Interrogatory Number 16 (at page A918) and the specific price that OnAsset pays for the Telit HE910 contained within the response to Interrogatory Number 17 (at page

A920) of Exhibit 10 (Doc. No. 116-8) of OnAsset's response to the motion to compel;

- The parties' request for leave to file substitute excerpted exhibits for Exhibit 2 (Doc. No. 116-2) and Exhibit 9 (Doc. No. 116-4) of OnAsset's response to the motion to compel;

- OnAsset's request to file under seal Figure 1 and Figure 2 of the substitute excerpted Exhibit 2 of OnAsset's response to the motion to compel; and

- Zebra's request to file the entirety of Exhibit 6 (Doc. No. 116-3) of OnAsset's response to the motion to compel under seal.

OnAsset's Unopposed Motion for Leave to File Under Seal OnAsset's Response to Motion to Compel and Certain Exhibits in Support (Doc. No. 116) is **DENIED** as to all other requests to seal made in relation to the motion, including the requests for leave to file under seal the response to the motion to compel (Doc. No. 116-1), the remainder of the substitute excerpted Exhibit 2 (originally filed as Doc. No. 116-2 in its entirety), and the remainder of Exhibit 10 (Doc. No. 116-8).

In accordance with the Court's rulings herein, the Court **ORDERS** the following:

1. In one filing, Zebra shall publicly file a supplemental appendix in support of its motion to compel. A redacted version of Exhibit 1 and an unredacted version of Exhibit 4 shall be filed as attachments to the supplemental

appendix. Exhibit 1 shall be redacted in accordance with the Court's sealing rulings herein.

2.  In one filing, Zebra shall file under seal a sealed supplemental appendix in support of its motion to compel. An unredacted version of Exhibit 1 in support of the motion to compel shall be filed as an attachment to the sealed supplemental appendix.

3.  In one filing, OnAsset shall publicly file OnAsset's Response to Motion to Compel.

4.  In one filing, OnAsset shall publicly file a supplemental appendix in support of OnAsset's Response to Motion to Compel. A substituted redacted version of Exhibit 2, a substituted Exhibit 9, and a redacted version of Exhibit 10 shall be filed as attachments to the supplemental appendix. The substituted Exhibit 2 and Exhibit 10 shall be redacted in accordance with the Court's sealing rulings herein.

5.  In one filing, OnAsset shall file under seal a sealed supplemental appendix in support of OnAsset's Response to Motion to Compel. An unredacted version of substituted Exhibit 2, an unredacted version of Exhibit 6, and an unredacted version of Exhibit 10 shall be filed as attachments to the sealed supplemental appendix.

All redactions shall be made in accordance with the Court's order herein.

Prior to filing the above documents and **within 7 days of the date of this Order**, the parties shall meet and confer for the purposes of ensuring that the parties have properly redacted documents to be filed publicly in accordance with this Order. All documents which the Court has ordered a party to file herein shall be filed **within 10 days of the date of this Order** and shall be deemed timely filed if filed within such time. All filings containing redacted versions of documents as ordered by the Court shall include a certificate of conference that identifies the attorneys of record for both parties who participated in the Court's meet and confer requirements as ordered herein, that reflects the parties' agreement that the documents are properly redacted and done so in accordance with the Court's order, and that is signed by counsel for both parties.

**SO ORDERED.**

Signed July 7th, 2025.


_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE