IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ZEBRA TECHNOLOGIES CORPORATION, | § § § | |
| Plaintiff, | § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-00055-K |
| ONASSET INTELLIGENCE, INC. | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant OnAsset Intelligence, Inc.'s Unopposed Motion for Leave to File Under Seal OnAsset's Motion to Strike Zebra's Undisclosed and Unreliable Expert Opinions and Specified Exhibits (the "Motion") (Doc. No. 146). Defendant OnAsset Intelligence, Inc. ("OnAsset") requests leave to file under seal its Motion to Strike Zebra's Undisclosed and Unreliable Expert Opinions and Specified Exhibits (Doc. No. 146-1), Exhibit 1 (Doc. No. 146-2) in support of that motion, and Exhibit 2 (Doc. No. 146-3) in support of that motion. For the following reasons, the Court **GRANTS in part and DENIES in part** the Motion.

## I.    Applicable Law

The public enjoys presumptive access to documents filed with the Court. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). Although private interests may outweigh the public's presumptive right, the court will deny the public access to documents only for weighty and specific reasons after "line-by-line" review of

the documents. *IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 411 (5th Cir. 2023); *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). Even good cause to deny access is not enough. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).

A court is not free to override the public's interest in reviewing court records based on bare possibilities or assertions. *Vantage Health*, 913 F.3d at 451. When the existence or magnitude of countervailing private interests turns on facts that are not readily apparent, the court must have a concrete evidentiary basis for finding those facts. *See IFG Port Holdings*, 82 F.4th at 411–12 (refusing to rely on conclusory testimony about a party's competitive interest); *see also Tarver v. Allstate Tex. Lloyd's*, 2022 WL 704941, at *9 (E.D. Tex. Feb. 18, 2022), *rep. & rec. adopted*, 2022 WL 696358 (E.D. Tex. Mar. 7, 2022); *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 678–79 (3d Cir. 2019); *DePuy Synthes Prod., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1373 (Fed. Cir. 2021). Interests that depend on project-specific, firm-specific, or industry-specific facts often will not be obvious and will require particularized evidentiary support. *See, e.g., Ironshore Specialty Ins. Co. v. Facility IMS, LLC*, Civil Action No. 23-CV-00296-K, 2023 WL 6850006, at *12 (N.D. Tex. Oct. 17, 2023); *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 210 (E.D.N.Y. Mar. 15, 2024); *In re Document Techs. Litig.*, 282 F. Supp. 3d 743, 748–51 (S.D.N.Y. 2017); *Bayer CropScience Inc. v. Syngenta Crop Prot., LLC*, 2013 WL 12137000, at *1 (M.D.N.C. Dec. 12, 2013).

## II.    The Parties' Sealing Requests

OnAsset asserts that it has no interest in maintaining under seal its Motion to Strike Zebra's Undisclosed and Unreliable Expert Opinions (Doc. No. 146-1) or Exhibit 1 (Doc. No. 146-2) filed in support.  OnAsset asserts that Plaintiff Zebra Technologies Corporation ("Zebra") or a third party has marked these documents or portions of these documents as highly confidential. OnAsset further represents that Zebra would file the required sealing brief if it desired to prevent disclosure of the information.

When Zebra failed to timely respond regarding the sealing of either of these documents, the Court entered an order (Doc. No. 161) directing Zebra to file either a sealing briefing or a notice that it would not pursue sealing the documents. Zebra then filed a Notice of No Request to File Documents Under Seal (the "Notice") (Doc. No. 162). In the Notice, Zebra asserts that the following:  the only possible confidential information contained within the motion to strike (Doc. No. 146-1) or Exhibit 1 (Doc. No. 146-2) is that of a third party, Zebra conferred with that third party, and the third party does not oppose the information being filed publicly. Zebra maintains that it has no interest in the documents being filed under seal.

Since neither the parties to this litigation nor the third party that designated the material as confidential opposes publicly filing the motion (Doc. No. 146-1) or Exhibit 1 (Doc. No. 146-2), the Court **denies** OnAsset's Motion for Leave to File Under Seal (Doc. No. 146) as to these two documents.

OnAsset does request that portions of Exhibit 2 (Doc. No. 146-3) remain under seal because it contains OnAsset's confidential business information. *See* Doc. Nos. 148 (public sealing brief) & 149 (sealed brief). OnAsset specifically requests the Court seal portions of pages A028, A029, A030, A031, A032, A033, A034, and A035 of Exhibit 2 because these include OnAsset's specific confidential sales, revenue, costs, and pricing information.

The Court has conducted a line-by-line review of pages A028, A029, A030, A031, A032, A033, A034, and A035 of Exhibit 2 in balancing the public and private interests.

Regarding page A028, OnAsset requests sealing of Figure 1 and Figure 2. The Court finds that these figures warrant sealing. The figures contain OnAsset's recent sales and revenue data for its products. OnAsset demonstrates that disclosure of this information would clearly cause it harm because OnAsset's competitors could use this information to gain an unfair competitive advantage over OnAsset. Such harm to OnAsset outweighs the public's interest in disclosure of the information. The Court finds that sealing of this information is warranted. The Court, therefore, **grants** OnAsset's request to seal Figure 1 and Figure 2 on page A028 of Exhibit 2.

Regarding page A029, OnAsset requests sealing of the entire page because, according to OnAsset, the page contains numerous paragraphs that contain confidential business information. The Court finds that, on this briefing, OnAsset establishes that certain portions of page A029 warrant sealing but fails to show that

other portions of this page likewise warrant sealing. Most of this page does not reveal any specific information for which OnAsset has provided evidence to support a credible harm that it will suffer if the information is disclosed. Paragraph 243 on page A029 includes specific dollar amounts that OnAsset paid for certain cellular chips used in its products and the specific number of chips it purchased. This information warrants sealing because OnAsset's suppliers or competitors could use this information to gain an unfair advantage over OnAsset. The remainder of the page, however, does not contain any other information that warrants sealing based on the briefing before the Court.

For these reasons, the Court finds that the specific dollar amounts that OnAsset paid for certain cellular chips used in its products and the specific number of units OnAsset purchased which are contained within Paragraph 243 on page A029 is information that warrants sealing. Therefore, the Court **grants** OnAsset's request to seal this specific information. The Court **denies** OnAsset's request to seal any other information within page A029 of Exhibit 2.

Regarding page A030, OnAsset asserts that paragraphs 244, 247, and 248 should be sealed because they reveal specific costs that OnAsset incurred in the manufacture of its products.  Specifically, Paragraph 244 contains the specific cost OnAsset incurred for assembly of its Sentry 600 PCB. Paragraphs 247 and 248 contain OnAsset's costs for purchase of Sentry 600 PCBs and the quantities purchased. The Court finds that sealing the specific dollar amounts that OnAsset incurred per PCB and

the specific number of units purchased contained within these paragraphs warrants sealing. OnAsset shows that disclosure of this information is likely to cause it a competitive harm that outweighs the public's interest in disclosure of the information because OnAsset's competitors and suppliers may be able to use such information to gain an unfair business advantage over OnAsset. The Court, therefore, **grants** OnAsset's request to seal the specific dollar amounts that OnAsset incurred per PCB and the specific number of units purchased contained within paragraphs 244, 247, and 248 on page A030 of Exhibit 2. The Court **denies** OnAsset's request to seal any other information within page A030 of Exhibit 2 because OnAsset did not demonstrate sealing is warranted.

Regarding page A031, OnAsset asserts that Figure 48 on this page should remain under seal because this figure contains specific and recent unit sales and revenue information regarding OnAsset's products. The Court finds that the entire figure warrants sealing. This figure contains specific and recent confidential sales information regarding OnAsset's products, which could be used by its competitors to gain an unfair competitive advantage over OnAsset. OnAsset sufficiently demonstrates that this harm outweighs the public's interest in disclosure of this information. The Court, therefore, **grants** OnAsset's request to seal all of Figure 48 of page A031 of Exhibit 2.

Regarding page A032, OnAsset requests that the entirety of paragraph 371 be sealed because it contains specific costs of and pricing details regarding OnAssets' products. The Court finds that portions of paragraph 371 on page A032 warrant

sealing, but not the entirety of paragraph 371. The Court finds that OnAsset demonstrates that disclosure of the specific dollar amounts contained within paragraph 371 would cause it an unfair competitive harm. But OnAsset fails to show that the remainder of the text of paragraph 371 contains any information that would cause OnAsset to suffer a harm if the information was disclosed. For these reasons, the Court **grants** OnAsset's request to seal as to all of the specific dollar amounts contained within paragraph 371 of page A032 and **denies** OnAsset's request to seal any other information within this paragraph.

Regarding pages A033 and A034, OnAsset asserts that paragraph 379 should remain confidential because this paragraph contains details regarding OnAsset's sales to a particular OnAsset customer, which includes the identity of the customer, the customer tagging targets, the number of OnAsset units involved, the pricing of the OnAsset units, and the revenue generated from the business between OnAsset and the customer. The Court finds that OnAsset establishes the entirety of paragraph 379 on pages A033 and A034 warrants sealing because this paragraph contains confidential OnAsset business information, which, if disclosed, would cause a competitive harm to OnAsset that outweighs the public's interest in disclosure of the information. The Court, therefore, **grants** OnAsset's request to seal as to all of paragraph 379 of pages A033 and A034 of Exhibit 2.

Regarding page A035, OnAsset asserts that Figure 58 should be sealed because this figure contains OnAsset's recent sales revenue information. The Court finds that

OnAsset shows the sealing of all of Figure 58 is warranted. The figure includes specific yearly OnAsset revenues and other information that could be used to calculate OnAsset revenues. Disclosure of this information would cause a harm to OnAsset because OnAsset's competitors could use this information to gain an unfair competitive advantage over OnAsset. This harm outweighs the public's interest in disclosure of the information. The Court, therefore, **grants** OnAsset's request to seal in its entirety Figure 58 on page A035 of Exhibit 2.

For each portion of Exhibit 2 addressed herein, the Court has conducted a page-by-page, line-by-line review in balancing the public and private interests. *See IFG Port Holdings*, 82 F.4th at 411. Further, OnAsset has shown that certain information contained within Exhibit 2 is OnAsset's confidential business information and that it will likely suffer a credible harm that outweighs the public's interest if that information contained within Exhibit 2 is publicly disclosed. OnAsset's competitors and other parties could certainly use such information to their unfair advantage against OnAsset. For these reasons, the Court finds that sealing of this particular information is warranted.

The Court **denies** all other sealing requests or relief requested in OnAsset's Motion (Doc. No. 146) that were not expressly granted herein.

## II.    Conclusion

For the foregoing reasons, the Court **denies** OnAsset's Motion for Leave to File Under Seal (Doc. No. 146) as to sealing OnAsset's Motion to Strike Zebra's

Undisclosed and Unreliable Expert Opinions (Doc. No. 146-1) and Exhibit 1 (Doc. No. 146-2) filed in support of the motion to strike. The Court **grants in part and denies in part** OnAsset's Motion for Leave to File Under Seal (Doc. No. 146) as to Exhibit 2 (Doc. No. 146-3) filed in support of the motion to strike.

In accordance with the Court's rulings herein, the Court **ORDERS** the following:

1. In one filing, OnAsset shall publicly file its Motion to Strike Zebra's Undisclosed and Unreliable Expert Opinions (originally filed as Doc. No. 146-1).

2. In one filing, OnAsset shall publicly file its appendix in support its Motion to Strike Zebra's Undisclosed and Unreliable Expert Opinions that includes an unredacted version of Exhibit 1 and a redacted version of Exhibit 2. Exhibit 2 shall be redacted in accordance with the Court's rulings herein; and

3. In one filing, OnAsset shall file under seal a sealed appendix in support of its Motion to Strike Zebra's Undisclosed and Unreliable Expert Opinions. An unredacted version of Exhibit 2 shall be filed as an attachment to the sealed appendix.

Prior to filing the above documents and **within 7 days of the date of this Order**, the parties shall meet and confer for the purposes of ensuring that the documents have been properly redacted so to be filed publicly in accordance with this Order. All documents which the Court has ordered a party to file herein shall be filed **within 10 days of the date of this Order** and shall be deemed timely filed if filed within such time. All filings containing redacted versions of documents as ordered by

the Court shall include a certificate of conference that identifies the attorneys of record for both parties who participated in the Court's meet and confer requirements as ordered herein, that reflects the parties' agreement that the documents are properly redacted and done so in accordance with the Court's order, and that is signed by counsel for both parties.

**SO ORDERED.**

Signed July 7th, 2025.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE