IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ZEBRA TECHNOLOGIES CORPORATION,** | § § § | |
| **Plaintiff,** | § | |
| **v.** | § § | **CIVIL ACTION NO. 3:21-CV-00055-K** |
| **ONASSET INTELLIGENCE, INC.** | § § | |
| **Defendant.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court are: (1) Defendant OnAsset Intelligence, Inc.'s Unopposed Motion for Leave to File Under Seal OnAsset's Memorandum of Law in Support of OnAsset's Motion for Partial Summary Judgment and Specified Exhibits (Doc. No. 151); and (2) Plaintiff Zebra Technologies Corporation's Unopposed Motion for Leave to File Under Seal Its Opposition Brief in Support of Its Response to OnAsset's Motion for Partial Summary Judgment (Doc. No. 158). For the following reasons, the Court **DENIES** OnAsset's Motion for Leave and **GRANTS in part and DENIES in part** Zebra's Motion for Leave.

## I.    Legal Principles

The public enjoys presumptive access to documents filed with the Court. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021). Although private interests may outweigh the public's presumptive right, the court will deny the public access to documents only for weighty and specific reasons after "line-by-line" review of

the documents. *IFG Port Holdings, L.L.C. v. Lake Charles Harbor & Terminal Dist.*, 82 F.4th 402, 411 (5th Cir. 2023); *Vantage Health Plan v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). Even good cause to deny access is not enough. *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).

A court is not free to override the public's interest in reviewing court records based on bare possibilities or assertions. *Vantage Health*, 913 F.3d at 451. When the existence or magnitude of countervailing private interests turns on facts that are not readily apparent, the court must have a concrete evidentiary basis for finding those facts. *See IFG Port Holdings*, 82 F.4th at 411–12 (refusing to rely on conclusory testimony about a party's competitive interest); *see also Tarver v. Allstate Tex. Lloyd's*, 2022 WL 704941, at *9 (E.D. Tex. Feb. 18, 2022), *rep. & rec. adopted*, 2022 WL 696358 (E.D. Tex. Mar. 7, 2022); *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 678–79 (3d Cir. 2019); *DePuy Synthes Prod., Inc. v. Veterinary Orthopedic Implants, Inc.*, 990 F.3d 1364, 1373 (Fed. Cir. 2021). Interests that depend on project-specific, firm-specific, or industry-specific facts often will not be obvious and will require particularized evidentiary support. *See, e.g., Ironshore Specialty Ins. Co. v. Facility IMS, LLC*, Civil Action No. 23-CV-00296-K, 2023 WL 6850006, at *12 (N.D. Tex. Oct. 17, 2023); *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164, 210 (E.D.N.Y. Mar. 15, 2024); *In re Document Techs. Litig.*, 282 F. Supp. 3d 743, 748–51 (S.D.N.Y. 2017); *Bayer CropScience Inc. v. Syngenta Crop Prot., LLC,* 2013 WL 12137000, at *1 (M.D.N.C. Dec. 12, 2013).

## II.    Analysis

### A.    OnAsset's Motion for Leave to File Under Seal

In this Motion for Leave (Doc. No. 151), OnAsset seeks to file under seal its Memorandum of Law In Support for Partial Summary Judgment (Doc. No. 153), and Exhibit 6 (Doc. No. 151-1) filed in support of its motion for partial summary judgment. Claiming that Zebra designated the particular information as highly confidential, OnAsset disavows any interest in sealing the information contained within these documents and states that Zebra will file the required sealing brief.  In response to the Court's order (Doc. No. 161), Zebra filed a Notice of No Request to File Documents Under Seal (the "Notice") (Doc. No. 162). In the Notice, Zebra states that it has no interest in maintaining these documents under seal.  Accordingly, the Court **denies** OnAsset's Motion for Leave (Doc. No. 151) to seal these documents.

The Court's ruling aside, it bears emphasizing to the parties that greater caution should be used when filing documents that may warrant sealing.  In its Motion for Leave, OnAsset specifically requests leave to file under seal its brief in support of its motion for partial summary judgment, explaining that it includes information Zebra designated as highly confidential.  However, *that same day*, OnAsset filed its brief in support on the docket, making it publicly available.  *See* Doc. No. 153. The Court warns the parties that they should thoroughly review all documents before filing them to avoid the inadvertent disclosure of a party's confidential information.

**B.    Zebra Motion for Leave to File Under Seal**

In its Motion for Leave (Doc. No. 158), Zebra asserts that its opposition brief (Doc. No. 158-1) and supporting Exhibit 6 (Doc. No. 158-2), Exhibit 9 (Doc. No. 158-3), Exhibit 10 (Doc. No. 153-4), and Exhibit 23 (Doc. No. 153-5) should be filed under seal. Because it claims these documents contain information that OnAsset designated as highly confidential, Zebra states that it has no interest in maintaining these documents under seal and OnAsset would file the required briefing.

In its sealing briefs, OnAsset requests that portions of Exhibits 6, 9, 10, and 23 remain under seal. OnAsset does not request that Zebra's opposition brief remain under seal. *See generally* Doc. Nos. 171 (public sealing brief) & 172 (sealed brief). Because neither party maintains the opposition brief (Doc. No. 158-1) should be sealed, the Court **denies** Zebra's Motion for Leave with respect to this document.

As for Exhibit 6, OnAsset requests that pages 39, 40, 46, 56, 57, 63, 64, 65, 67, and 68 remain sealed. (The page numbers cited herein for all of OnAsset's sealing requests refer to the CM/ECF-assigned page numbers.) Exhibit 6 (Doc. No. 158-2) includes portions of the Opening Expert Report of Dr. Jacob Sharony, Ph. D. regarding U.S. Patent Nos. 6,895,219 and 10,496,952.

Regarding pages 39, 40, 56, 57, 63, 64, 67, and 68 of the exhibit, OnAsset asserts that these pages should be sealed because they contain excerpts from a Sentry 600 Product Requirement Document that discusses the goals for product development,

ideas for future features, and performance of the Sentry 600 device or discussion of the contents of the Product Requirement Document. The Court has conducted a page-by-page, line-by-line review of each of these pages, in balancing the public and private interests. The Court finds that OnAsset does not demonstrate sealing of these pages is warranted.

At best, the information contained on these pages provides general functionality or desired functionality of OnAsset's products. The pages do not contain specific details as to how any of this functionality is implemented. The information is not the type of information that would cause a large enough harm to OnAsset if the information was disclosed, that would outweigh the public's interest in open Court records. OnAsset fails to provide any information to support a conclusion that it would suffer a harm that outweighs the public's interest if the information was not sealed. For these reasons, the Court **denies** OnAsset's request to seal pages 39, 40, 56, 57, 63, 64, 67, and 68 of Exhibit 6 (Doc. No. 158-2) to the opposition brief.

Regarding page 46 of Exhibit 6, OnAsset requests that this page be sealed because it reveals some of OnAsset's source code. The Court has conducted a line-by-line review of this page in balancing the public and private interests. The Court finds that sealing of page 46 is not warranted. While source code is often confidential information that warrants sealing, the Court finds that OnAsset has not met its burden of proof to show that it would suffer any harm from disclosure of the specific source code on page 46. The entirety of the disclosed source code is one line of code along

with request parameters and response information. On this briefing, OnAsset did not demonstrate and, therefore, the Court cannot conclude that this is a situation where OnAsset will be harmed by the disclosure of this single line of source code.  OnAsset simply has not provided evidence supporting a finding that it will suffer a harm that outweighs the public's interest in open records if the single line of code is disclosed. For these reasons, the Court **denies** OnAsset's request to seal page 46 of Exhibit 6 (Doc. No. 158-2) to the opposition brief.

In regard to Exhibit 9 (Doc. No, 158-3), OnAsset requests that pages 3 and 4 of this exhibit be filed under seal. Exhibit 9 contains excerpts of an OnAsset Insight API document and, according to OnAsset, these two pages contain its source code.

The Court has conducted a line-by-line review of these pages in balancing the public and private interests. The Court finds that OnAsset has not demonstrated that pages 3 and 4 of Exhibit 9 is warranted. While the Court acknowledges that the pages do contain some short passages of source code along with some parameter information, the Court finds that OnAsset has not shown that it will suffer a harm that outweighs the public's interest in open records if this information is disclosed. Like the source code of Exhibit 6 previously discussed, the amount of source code disclosed is minimal, and OnAsset has not provided any substantiation of a harm that it would suffer by disclosure of such a small amount of this particular source code. For these reasons, the Court **denies** OnAsset's request to seal pages 3 and 4 of the excerpts of an OnAsset Insight API document contained within Exhibit 9 (Doc. No. 158-3).

Regarding Exhibit 10 (Doc. No. 158-4), OnAsset requests the Court permit pages 3-7 of this exhibit be filed under seal. Exhibit 10 contains portions of a Sentry 600 Draft Product Requirements Document and OnAsset claims these specific pages are from an internal OnAsset document that discusses plans for features and functions of its Sentry 600 product.

The Court has conducted a line-by-line review of these pages in balancing the public and private interests. The Court finds that OnAsset has shown sealing of pages 3-7 of Exhibit 10 is warranted. The pages are clearly from a document that OnAsset created regarding the development and functionality of its product. OnAsset has established that disclosure of the document as a whole will likely cause competitive harm to OnAsset because its competitors could use the entirety of the information to ascertain what features OnAsset considers important in developing and also gain insight into OnAsset's view of market needs. This likely harm to OnAsset outweighs the public's interest in access to this information. For these reasons, the Court **grants** OnAsset's request to seal pages 3-7 of Exhibit 10 (Doc. No. 158-4), which are portions of OnAsset's Sentry 600 Draft Product Requirements Document.

Turning to Exhibit 23 (Doc. No. 158-),, OnAsset requests that the Court seal pages 13, 14, 16-19, and 34-39. Exhibit 23 contains excerpts of Appendix 28D to Dr. Jacob Sharony's Opening Expert Report, titled "Sentry 600 Infringement Claim Chart for U.S. Patent No. 6,895,219."  OnAsset claims that these specific pages should be

filed under seal because they each include detailed information regarding OnAsset's products that a competitor could use to obtain an unfair advantage in the market.

The Court has conducted a page-by-page, line-by-line review of these pages in balancing the public and private interests The Court finds that OnAsset has shown sealing of all of these pages is warranted. The pages contain detailed electronic schematics of OnAsset's products or portions of those products. OnAsset's competitors could clearly use this type of information to OnAsset's detriment and to the competitors' unfair benefit because the competitors could use the information to ascertain exactly how OnAsset has decided to design its products. For these reasons, the Court **grants** OnAsset's request to seal pages 13, 14, 16-19, and 34-39 of Exhibit 23 (Doc. No. 158-5), which are excerpts of Appendix 28D to Dr. Jacob Sharony's Opening Expert Report, titled "Sentry 600 Infringement Claim Chart for U.S. Patent No. 6,895,219."

### C.    Summary

The Court **DENIES** the request to file under seal Zebra's Opposition Brief in Support of Its Response to OnAsset's Motion for Partial Summary Judgment (Doc. No. 158-1).

The Court **DENIES** OnAsset's request to file under seal pages 39, 40, 46, 56, 57, 63, 64, 67, and 68 of Exhibit 6 (Doc. No. 158-2).

The Court **DENIES** OnAsset's request to file under seal pages 3 and 4 of Exhibit 9 (Doc. No. 158-3).

The Court **GRANTS** OnAsset's request to file under seal pages 3-7 of Exhibit 10 (Doc. No. 158-4).

The Court **GRANTS** OnAsset's request to file under seal pages 13, 14, 16-19, and 34-39 of Exhibit 23 (Doc. No. 158-5).

## IV.    Conclusion

For the foregoing reasons, the Court **denies** OnAsset's Motion for Leave to File Under Seal (Doc. No. 151) and **grants in part** and **denies in part** Zebra's Motion for Leave to File Under Seal (Doc. No. 158).

In accordance with the Court's rulings herein, the Court **ORDERS**, the following:

1.    In one filing, OnAsset shall publicly file a supplemental appendix in support of OnAsset's Memorandum of Law in Support of OnAsset's Motion for Partial Summary Judgment that includes Exhibit 6 in support.

2.    In one filing, Zebra shall publicly file a supplemental appendix in support of Zebra Technologies Corporation's Opposition Brief in Support of Its Response to OnAsset's Motion for Partial Summary Judgment that includes Exhibit 6, Exhibit 9, a redacted version of Exhibit 10, and a redacted version of Exhibit 23. Exhibit 10 and Exhibit 23 shall be redacted in accordance with the Court's orders herein.

3.    In one filing, Zebra shall file under seal a supplemental appendix in support of Zebra Technologies Corporation's Opposition Brief in Support of Its

Response to OnAsset's Motion for Partial Summary Judgment that includes an unredacted version of Exhibit 10 and an unredacted version of Exhibit 23.

4.      In one filing, Zebra shall publicly file Zebra Technologies Corporation's Opposition Brief in Support of Its Response to OnAsset's Motion for Partial Summary Judgment.

All redactions shall be made in accordance with the Court's order herein.

Prior to filing the above documents and **within 7 days of the date of this Order**, the parties shall meet and confer for the purposes of ensuring that the parties have properly redacted documents to be filed publicly in accordance with this Order.

All documents which the Court has ordered a party to file herein shall be filed **within 10 days of the date of this Order** and shall be deemed timely filed if filed within such time. All filings containing redacted versions of documents as ordered by the Court shall include a certificate of conference that identifies the attorneys of record for both parties who participated in the Court's meet and confer requirements as ordered herein, that reflects the parties' agreement that the documents are properly redacted and done so in accordance with the Court's order, and that is signed by counsel for both parties.

**SO ORDERED.**

Signed July 7th, 2025.


_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE