## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ZEBRA TECHNOLOGIES** | § | |
| **CORPORATION,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **3:21-CV-00055-K** |
| **ONASSET INTELLIGENCE, INC.** | § | |
| | § | |
| **Defendant.** | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court are OnAsset's Motion to Strike Zebra's Rule 26 Disclosures and Undisclosed Patent-Practicing Products (the "Motion") (Doc. No. 138) and Zebra Technologies Corporation's Opposition to OnAsset's Motion to Strike (Doc. No. 143).

In the Motion, OnAsset Intelligence, Inc. ("OnAsset") requests that the Court strike three possible fact witnesses disclosed by Zebra Technologies Corporation ("Zebra") and preclude Zebra from presenting those witnesses live at the trial of this matter. OnAsset asserts that Zebra's disclosure of these witnesses was untimely under the Federal Rules of Civil Procedure. OnAsset also requests that the Court preclude Zebra from introducing evidence regarding certain of its products to support any assertion by Zebra that these products practice the '952 patent. OnAsset asserts that the Zebra did not properly disclose its assertions regarding these products under the Court's local rules.

In response, Zebra asserts that its three fact witnesses should not be prevented from providing live testimony at the trial of this matter because OnAsset was aware of the witnesses and their potential factual knowledge since, essentially, the inception of this case. Regarding the alleged previously undisclosed allegation that certain Zebra products practice the '952 patent, Zebra asserts that it should be allowed to present evidence on this issue at trial because it does not intend to use that evidence affirmatively. Instead, Zebra asserts that it may use such evidence in response to OnAsset's allegations that Zebra does not believe that those products practice the '952 patent.  For the following reasons, the Court **GRANTS in part and DENIES in part** the Motion.

## I. Rule 26 Fact Witness Disclosures

OnAsset asserts that Zebra untimely disclosed three Zebra employees that may be fact witnesses in this matter—Mr. Richard Woodburn, Mr. Laurence D'Agati, and Mr. Scott Drobner. OnAsset asserts that the designation of these fact witnesses was untimely because Zebra first designated each of these people as possible fact witnesses in an amended Rule 26 disclosure on the last day of the discovery period. According to OnAsset, this late designation caused surprise to OnAsset and prevents OnAsset from conducting discovery directed toward the relevant knowledge of these three people.

Zebra does not deny that it disclosed these three people as possible fact witnesses formally for the first time on the last day of discovery in this matter. However, Zebra asserts that OnAsset was not surprised or prejudiced by this designation because

OnAsset was well aware of these three individuals and their potential factual knowledge regarding matters in this case. Zebra points out that all three are Zebra employees, that all three were disclosed and deposed in relation to the ITC investigation that occurred while this matter was stayed, that OnAsset deposed one of these witnesses in this matter as a corporate representative, and that OnAsset itself disclosed these people as possible fact witnesses in OnAsset's Rule 26 disclosures.

Rule 26 requires parties to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED R. CIV. P. 26(a)(1)(A)(i). Unless a party seeks a ruling otherwise, "a party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference. . . ." *Id*. 26(a)(1)(C).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* 37(c)(1).  In determining whether a failure to disclose was harmless, a court may consider: 1) the importance of the evidence; 2) the prejudice to the opposing party of including the evidence; 3) the possibility of curing such prejudice by granting a continuance; and 4) the explanation for the party's failure to disclose.

*Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003); *United States v. $9,041,598.68*, 163 F.3d 238, 252 (5th Cir.1998).

A party who has made a Rule 26 disclosure shall supplement its disclosure if it learns that in some material respect the disclosure is incomplete. FED. R. CIV. P. 26(e). However, a party is not required to supplement its discovery if the additional or corrective information has otherwise been made known to the other parties during the discovery process or in writing. *Id*.; *see Drechsel v. Liberty Mut. Ins Co.*, Civ. Action No. 3:14-CV-162-M-BN, 2015 WL 7067793, at *2 (N.D.Tex. Nov. 12, 2015) (Horan, M.J.) (noting that supplemental or amended Rule 26(a) disclosures are, "strictly speaking, unnecessary under Rule 26(e)(1) where the information was otherwise made known to the opposing party during discovery or in writing).

While it appears undisputed that Zebra should have listed these three witnesses as possible fact witnesses in support of its case under Rule 26, it is also clear that OnAsset was aware of these witnesses and their potential factual knowledge long before Zebra supplemented its Rule 26 disclosure to add these three witnesses. Even assuming without deciding that Zebra was required to supplement its Rule 26 disclosures upon discovering that these three individuals were not designated as possible fact witnesses, the Court finds that any such failure was harmless or any potential harm may be cured.

The record demonstrates that OnAsset appears to have long known that these three witnesses had potential knowledge of relevant facts to this matter. OnAsset listed Mr. Woodburn and Mr. D'Agati in its own Rule 26 disclosure as possible fact witnesses.

OnAsset deposed each of these three witnesses in the ITC investigation that occurred while this matter was stayed and that involved some of the patents-in-suit here. Further, OnAsset agreed that the ITC investigation discovery may be used by the parties in this litigation. Finally, OnAsset also deposed Mr. Woodburn in this litigation as a Zebra corporate representative. Considering these facts, it is hard to conclude that the information was not otherwise made known to OnAsset during the discovery process. A party is not required to supplement its Rule 26 disclosures, even if it learns the disclosure is incomplete, where the additional or corrective information has otherwise been made known to the other parties during the discovery process. FED. R. C. P. 26(e)(1)(A). Here, it is clear that OnAsset was aware of all three witnesses and that, pursuant to Rule 26(e), Zebra was relieved of correcting its deficient Rule 26 disclosure.

In addition, the factors for finding the failure to timely disclose the witnesses support a finding that any failure was harmless. The importance of the evidence supports a finding that the failure was harmless. Zebra asserts that each of these witnesses is expected to provide testimony in support of its claims of patent infringement and of damages suffered as the result of that alleged infringement. This is clearly important evidence in support of Zebra's case. It also appears to be the same type of testimony that was covered by OnAsset in the ITC depositions of these individuals.

The second and third factors also support a finding that the failure to disclose was harmless. These factors are the prejudice to the opposing party of including the evidence and the possibility of curing such prejudice by granting a continuance. For the most part, OnAsset was aware of these witnesses and their possible testimony so there can be little to no prejudice to OnAsset if Zebra uses the information. OnAsset has already agreed that the information from the ITC investigation depositions of these same individuals can be used in this matter.

However, the Court does recognize that the subject matter of the ITC investigation does not line up exactly with the subject matter of this lawsuit. While there is substantial overlap between the two, the ITC investigation did not include the '952 patent, which is one of the patents-in-suit in this matter. Therefore, it is possible that OnAsset has not had the opportunity to properly depose these individuals as to their factual knowledge related to Zebra's claims regarding the '952 patent. Any such harm is curable by allowing OnAsset to depose these individuals regarding their asserted factual knowledge as to the '952 patent. Because sufficient time exists between now and the time of trial to depose all of these individuals, any harm to OnAsset is curable.

Regarding the forth factor, Zebra does not provide any clear explanation as to why it did not disclose these possible fact witnesses sooner. This factor weighs in favor of finding that Zebra's failure to disclose is not harmless. However, when considered

together with all other factors, the Court finds that the failure to disclosure was harmless.

For these reasons, the Court **DENIES** the Motion as to OnAsset's request to strike these three witnesses and to prevent Zebra from using their live testimony in support of Zebra's claims in this matter.

## II. Disclosure of Zebra Products Practicing The '952 Patent.

In the Motion, OnAsset also requests that the Court enter an order preventing Zebra from presenting evidence at trial that its own products practice the '952 patent. OnAsset asserts that Zebra failed to comply with the Court's local rules regarding disclosure of such information and that Zebra should not be allowed to present such evidence. Zebra responds that OnAsset misinterprets Zebra's intention regarding evidence of Zebra's own products that it might use at trial and that under Zebra's intended purpose of presenting such evidence disclosure is not required under the local rules.

Patent litigation matters in this Court are subject to local rules that are specific to those matters. Misc. Order 62. The local rules require a party to disclose certain information regarding products that the party asserts practice the claimed invention. *Id*. In particular, the local rules require that, "[i]f a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own . . . product . . . practices the claimed invention, the party must identify, separately for each asserted claim each such . . . product . . . that incorporates or reflects that particular

claim." *Id*. at 3-1(a)(6).  The local rules go on to provide consequences for a party's failure to disclose. *Id*. at 3-1(b). Specifically, the local rules provide that "failure to comply with the requirements . . . may result in appropriate sanctions . . . ." *Id*.

Zebra acknowledges that it did not disclose certain of its BLE location tracking products as practicing the '952 patent. However, Zebra also asserts that it has no intention to affirmatively rely on its own practicing products as rebuttal evidence of secondary considerations of non-obviousness of the claims of the '952 patent. Instead, Zebra asserts that if it presents evidence at all that its BLE tracking products practice the '952 patent the evidence will be offered solely to rebut an assertion by OnAsset that Zebra admitted certain product configurations do not infringe the '952 patent.

It appears that Zebra is concerned OnAsset will attempt to mischaracterize the fact that Zebra did not disclose these products as practicing the '952 patent and use the fact that they were not disclosed to support an argument that Zebra has, therefore, admitted that those products do not practice the '952 patent. It also appears that Zebra is concerned OnAsset will take a party's obligation to disclose practicing products that it wishes to rely on in the matter and turn it into an obligation of a party to disclose all of its products that practice the claimed invention and assert that the failure to disclose a product is an admission that the product does not practice the claimed invention.

Considering the very limited purposes for which Zebra intends to offer evidence that its BLE tracking product practice the '952 patent, the Court cannot conclude that

Zebra should be barred from doing so under the disclosure requirements of the local rules.

Since Zebra affirmatively represents to the Court that it does not intend to offer evidence its BLE tracking products practice the claimed invention for the purpose of rebutting evidence of secondary considerations of non-obviousness of the claims of the '952, the Court **GRANTS** the Motion to preclude Zebra from presenting evidence that its products practice the claimed invention of the '952 patent for this purpose. The Court, however, **DENIES** the Motion as to Zebra presenting evidence at trial that its BLE tracking products practice the claimed invention for the sole purpose of rebutting any OnAsset trial evidence or argument that Zebra's failure under the local rules to disclose an assertion that those products practice the claimed invention of the '952 patent is an admission that certain configurations of products do not practice the '952 patent.

## III. Conclusion

The Court **DENIES** the Motion as to OnAsset's request to strike Mr. Richard Woodburn, Mr. Laurence D'Agati, and Mr. Scott Drobner as fact witnesses in this matter and to prevent Zebra from using their live testimony in support of Zebra's claims in this matter.

The Court **GRANTS** leave for OnAsset to depose Mr. Richard Woodburn, Mr. Laurence D'Agati, and Mr. Scott Drobner on subject matter on any factual knowledge

these witnesses have that relates to the '952 patent.  These depositions shall occur **as soon as practicable but no later than August 9, 2025**.

The Court **GRANTS** the Motion to preclude Zebra from presenting evidence that its BLE tracking products practice the claimed invention of the '952 patent for rebutting evidence of secondary considerations of non-obviousness of the claims of the '952.

The Court **DENIES** the Motion to prevent Zebra from presenting evidence at trial that its BLE tracking products practice the claimed invention for the purpose of rebutting any OnAsset trial evidence or argument that Zebra's failure under the local rules to assert that those products practice the claimed invention of the '952 patent is an admission that certain configurations of products do not practice the '952 patent.

**SO ORDERED.**

Signed July 9th, 2025.

*Ed Kinkeade*

ED KINKEADE
UNITED STATES DISTRICT JUDGE