## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ZEBRA TECHNOLOGIES CORPORATION,** | § § § | |
| **Plaintiff,** | § | |
| **v.** | § § | **CIVIL ACTION NO.** **3:21-CV-00055-K** |
| **ONASSET INTELLIGENCE, INC.** | § § | |
| **Defendant.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Zebra Technologies Corporation's Motion to Exclude and Strike OnAsset's Designated Experts, Adam Crossno and John Crossno (the "Motion") (Doc. No. 145).  Defendant OnAsset Intelligence, Inc. filed a Response (Doc. No. 155) and Plaintiff Zebra Technologies Corporation filed a Reply Brief (Doc. No. 170).  For the following reasons, the Court **GRANTS** the Motion.  The Court **strikes** Defendant OnAsset Intelligence, Inc.'s expert designations of Adam Crossno and John Crossno and expert testimony from Adam Crossno and John Crossno in this matter is hereby **excluded**.

## I.    Applicable Law

Federal Rule of Civil Procedure 26 governs the designation of expert witnesses. Rule 26 provides that a party must disclose to other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. FED. R. CIV. P. 26(a)(2)(A). If the expert witness is one who is not required to provide

a written report, then the party offering the expert witness must disclose: (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify. *Id.* 26(a)(2)(C). When a written report is not required, the burden to disclose relevant information regarding expert testimony, the opinions of experts, and the facts underlying those opinions is not as extensive as that required when an expert report is required. FED. R. CIV. P. 26 advisory committee's notes to 2010 amendments.

However, this less extensive disclosure standard does not obviate the need to provide the disclosures expressly required Rule 26. *State Auto. Mut. Ins. Co. v. Freehold Mgmt, Inc.*, Civil Action No. 3:16-CV-2255-L, 2019 WL 1436659, at *13 (N.D. Tex. March 31, 2019)(Lindsay, J.). The disclosure must state opinions, not merely topics of testimony. *Everett Fin., Inc. v. Primary Residential Mortg., Inc.*, Civ. Action No. 3:14-CV-1028-D, 2017 WL 90366, at *2 (N.D. Tex. Jan. Dec. 16, 2016); *see Carr v. Montgomery Cty., Tex.*, 2015 WL 5838862, at *3 (S.D. Tex. Oct. 7, 2015); *Tolan v. Cotton*, 2015 WL 5332171, at *7 (S.D. Tex. Sept. 14, 2015). The disclosure must also contain at least a summary of the facts upon which the opinions are based and the failure to do so renders the disclosure deficient. *See Carr*, 2015 WL 5838862, at *3; *Tolan*, 2015 WL 5332171, at *7.

Any opinions that are not properly disclosed in accordance with the Rule 26(a) may be excluded "unless the failure was substantially justified or is harmless." FED. R.

CIV. P. 37(c)(1). Exclusion, however, is not mandatory or automatic but, instead, is a matter within the court's discretion. *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). In deciding whether to exclude an expert witness, the court is guided by four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

Federal Rule of Evidence 702 governs the admissibility of expert testimony. Rule 702 provides that a witness who is qualified as an expert may provide opinion testimony when, it is more likely than not that: an expert's knowledge will help the trier of fact to understand the evidence or to determine a fact issue; the testimony is based on sufficient facts or data; the testimony is the product of reliable principles and methods; and the expert's opinion reflects a reliable application of the principles and methods to the facts of the case. FED. R. EVI. 702.

Trial courts serve as the gatekeeper of expert testimony to ensure the reliability and relevance of an expert's testimony. *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579, 589-93 (1993); *accord Kumho Tire Co. Ltd v. Carmichael,* 526 U.S. 137, 147 (1999). Expert testimony must be reliable or trustworthy. *Smith v. Goodyear Tire & Rubber Co.*, 495 F.3d 224, 227 (5th Cir. 2007).  The goal of *Daubert's* gate-keeping function is to ensure the reliability and relevance of expert testimony. *Curtis v. M & S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999). A district court must first determine if the expert

testimony is reliable, which requires an assessment of whether the reasoning or methodology underlying the testimony is valid. *Id*. The district court must then determine "whether that reasoning or methodology can be properly applied to the facts in issue, that is, whether it is relevant." *Id*.

The proponent of expert testimony bears the burden of proof to show that the expert is qualified and the evidence is relevant to the suit and is reliable. *United States v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003); *see Kumho Tire Co. Ltd*, 526 U.S. at 147. Relevant expert evidence is evidence that helps the trier of fact to understand the evidence or to determine a fact issue. *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244-45 (5th Cir. 2002). Reliable expert evidence is evidence that is grounded in methods and procedures of science and that is beyond subjective belief or unsupported speculation. *See Daubert*, 509 U.S. at 590. Expert testimony must meet the threshold of reliability by following accepted methodologies in the relevant field. *Id* at 592-93. The test for reliability is "flexible" and a district court has broad latitude when it decides how to determine reliability. *Kumho Tire*, 526 U.S. at 147; *Pipitone*, 288 F.3d at 244. The analysis depends on the nature of the issue, the witness's expertise, and the subject of the testimony. *Micro Chem, Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law).

Although it acts as gatekeeper, the court's role is not intended to be a replacement for the adversary systems. *Id*. The requirement that expert testimony be based on sufficient facts or data "is not intended to authorize a trial court to exclude

- 4 -

an expert's testimony on the ground that the court believes one version of the facts and not the other." *Id.* The requirement that expert testimony be reliable does not require a proponent of the evidence to prove that the expert's testimony is correct. *Id.* at 1392. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596; *accord Micro Chem.*, 317 F.3d at 1392; *Pipitone*, 288 F.3d at 250. "When the methodology is sound, and the evidence relied upon is sufficiently related to the case at hand, disputes about the degree of relevance or accuracy (above this minimum threshold) may go to the testimony's weight, but not its admissibility." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 852 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91 (2011).

"An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." FED. R. EVI. 703. "If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." *Id*. "An opinion is not objectionable just because it embraces an ultimate issue." *Id.* 704.

## II.   Analysis

In the Motion, Zebra asks the Court to strike OnAsset's designation of two expert witnesses, Adam Crossno and John Crossno, and to issue an order preventing these witnesses from testifying at the trial of this matter as experts. The two designated

witnesses at issue are. While Zebra acknowledges that these two witnesses are lay factual witnesses, who may testify as fact witnesses, Zebra contests their designation as expert witnesses. Zebra asserts that neither of these witnesses are qualified to provide their expected expert testimony and that OnAsset failed to comply with the expert witness disclosure requirements of Federal Rule of Civil Procedure 26.

In response, OnAsset argues that these witnesses should not be prevented from testifying as expert witnesses. OnAsset asserts that both of these witnesses are qualified to provide their expected expert testimony and that Zebra is more than aware of their expected expert opinions. OnAsset also asserts that since the two witnesses are also fact witnesses that may offer their expected opinion testimony under Federal Rule of Evidence 701.

### A.    Designation of Adam Crossno as Expert Witness

The Court first addresses the designation of Adam Crossno as an expert witness for OnAsset. As an initial matter, the Court notes that Zebra challenges Adam Crossno's designation only as an expert witnesses. Zebra does not address or brief whether Adam Crossno is a lay witness that may offer opinion testimony under Federal Rule of Evidence 701. Accordingly, the Court does not express any opinion or make any ruling herein regarding the propriety of Adam Crossno offering lay opinion testimony.

The Court turns to Zebra's contention that OnAsset's Adam Crossno Rule 26 disclosure is insufficient. OnAsset's entire Rule 26 disclosure regarding Adam Crossno is as follows:

> OnAsset discloses Adam Crossno under Fed. R. Civ. P. 26(2)(C). Mr. Crossno is the founder and CEO of OnAsset Intelligence, Inc. Mr. Crossno is expected to present evidence about OnAsset's products (their components, operation, and so on) and product development over the years, including the combination of OnAsset's Sentry 500 with StickNFind's BLE tags beginning in 2013. He is also expected to present evidence of OnAsset's public demonstrations and offers to sell the combination of OnAsset's Sentry 500 with StickNFind's BLE tags, which OnAsset had referred to by various names including Sentinels. Mr. Crossno is expected to present evidence that these efforts began in 2013 and continuing up to the date that Zebra filed for the '952 Patent in February 2016. Mr. Crossno is also expected to offer evidence comparing Zebra's infringement allegations to the combination of OnAsset's Sentry 500 with StickNFind's BLE tags. Mr. Crossno is also expected to conclude that OnAsset's Sentry 500 is prior art to the '952 Patent, StickNFind's BLE tags are prior art to the '952 Patent, and the combination of OnAsset's Sentry 500 with StickNFind's BLE tags (including any software to combine the two) is prior art to the '952 Patent. Adam Crossno is expected to opine, consistent with OnAsset's invalidity contentions and interrogatory responses, that if OnAsset infringes the asserted claims of the '952 Patent, then the asserted claims of the '952 Patent are invalid over the combination of OnAsset's Sentry 500 with StickNFind's BLE tags (including any software to combine the two). Lastly, Adam Crossno is expected to opine that OnAsset's accused products do not infringe the asserted claims of the '952 Patent.

Doc. No. 145-1 at A05-A06.

The Court finds that this disclosure is insufficient under Rule 26 which expressly requires the disclosure of a summary of the facts and opinions to which the witness is

expected to testify. FED. R. CIV. P. 26(a)(2)(C)(ii). OnAsset was required to disclose more than a mere statement of the topics or Adam Crossno's opinions. *See Everett Fin.*, 2017 WL 90366, at *2; *Tolan*, 2015 WL 5332171, at *5. But the Adam Crossno disclosure is nothing more than mere conclusory statements regarding the topics of his expected testimony or his conclusory expert opinions without disclosure of any of the underlying facts upon which such testimony is based. The statements are generic, vague, conclusory, and far too broad to conclude that they provide proper notice under the disclosure requirements of Rule 26. Furthermore, the disclosure was made after the fact deposition of Adam Crossno and after the close of discovery in this matter.

The Court also finds that the deficient disclosure is neither substantially justified or harmless. *See Tex. A&M Research Found.*, 338 F.3d at 402 (outlining factors courts consider in deciding whether to exclude an expert witness for failure to comply with Rule 26(a)(2)). OnAsset says little about how its failure to comply with the disclosure requirements of Rule 26 is justified or harmless. OnAsset appears to argue that, even if the disclosure was deficient, it was harmless because Zebra was not prejudiced because it was aware of OnAsset's general contentions in this matter and Zebra chose not to question Adam Crossno in his fact deposition regarding his invalidity opinions. This does not make OnAsset's deficient disclosure harmless or justified and nor does it excuse OnAsset from complying with the clear language of the rules and the well-established case law regarding expert disclosures.

The Court agrees with Zebra that it is not Zebra's obligation to attempt to deduce the subject matter and facts of Adam Crossno's expected expert testimony. It is OnAsset's obligations under the rules to provide sufficient disclosure of opinions and facts supporting those opinions so Zebra can be made aware of the expected expert testimony and be prepared to question the expert on such testimony. OnAsset's failure to properly disclose this information prejudiced Zebra in preparation for the upcoming trial of this matter, which supports a finding that the failure to disclose was not harmless.

Although it appears on its face that the expected testimony is important because it goes directly to the patent infringement issues in this case, it does not appear that the expected expert testimony of Adam Crossno is critical in this matter. First, as pointed out by OnAsset, Adam Crossno is a factual witness who may testify as to many important factual matters in this case. Second, Adam Crossno, may, as pointed out by OnAsset, be able to provide some lay opinion testimony at trial. Finally, as pointed out by Zebra, OnAsset has retained and disclosed a different technical expert to opine of the issues of infringement and validity. Taking this into consideration, the importance of Adam Crossno testifying as an expert witness supports a conclusion that the failure to disclose was not harmless or justified.

Since the Court finds that the expert disclosure of Adam Crossno was deficient, there is no need to address whether or not Adam Crossno is qualified to testify as an expert or whether his expected expert testimony is admissible.

For these reasons, the Court **GRANTS** the Motion to strike the expert designation of Adam Crossno and to exclude expert testimony from Adam Crossno in this matter. The Court's ruling herein has no effect as to whether or not Adam Crossno may testify as a lay witness related to the designated topics or whether Adam Crossno may provide lay opinion testimony on certain topics under Federal Rule of Evidence 701.

### B.    Designation of John Crossno as Expert Witness

The Court now addresses the expert designation of John Crossno. Like the designation of Adam Crossno, Zebra argues that OnAsset's disclosure of John Crossno is deficient under Rule 26 and that John Crossno is not qualified to testify as an expert.

The Court first addresses OnAsset's Rule 26 disclosure of John Crossno. The entire Rule 26 disclosure regarding John Crossno's expert testimony is:

> OnAsset discloses John Crossno under Fed. R. Civ. P. 26(2)(C). Mr. Crossno is OnAsset Intelligence, Inc.'s Chairman. Mr. Crossno is expected to present evidence about OnAsset's history, customers, sales, revenue, profitability, licensing practices, and related financial and economic information. He is also expected to rebut Joane Johnson's damages opinions, especially as it relates to the facts of OnAsset's business that underlie her damages opinions.

Doc. No. 145-1 at A16.

The Court finds that this expert disclosure regarding John Crossno is even more deficient than that of Adam Crossno. The disclosure simply states generic topics regarding the expected expert testimony and a general assertion that he is expected to rebut Zebra's damages expert's opinion. The disclosure does not provide one actual

opinion that John Crossno is expected to provide as an expert. It also does not provide even one fact upon which an opinion may be based. In fact, the disclosure does not even appear to address the subject matter of expert testimony. Instead, it appears to address testimony that John Crossno, as OnAsset's Chairman of the Board, would be expected to provide as a lay witnesses. For these reasons, the Court finds that OnAsset's Rule 26 expert disclosure of John Crossno is deficient.

The Court further finds that the failure of OnAsset to properly disclose the expert opinions and the facts underlying those opinions, as required by Rule 26, is not justified or harmless. Just as with the Adam Crossno designation, the John Crossno designation causes prejudice to Zebra because the disclosure is so deficient it provides Zebra with little to no knowledge about his actual expected expert opinions and provides no information that Zebra would need to address those opinions at the trial of this matter. This supports a finding that the failure to disclose was not justified or harmless.

Also, as with Adam Crossno, the importance of the evidence to OnAsset supports a finding that the failure to disclose was not justified or harmless. First, as noted by the Court, it appears, from the very limited disclosure, that John Crossno is expected to testify as a fact witness as to the listed topics. Preventing John Crossno from testifying as an expert witness does not prevent him from testifying as a fact witness. OnAsset asserts that an important aspect of John Crossno's expected testimony is to challenge factual misrepresentations of John Crossno's prior testimony and OnAsset documents

made by Zebra experts. Nothing in the Court's order prevents John Crossno from testifying as a fact witness. Secondly, as pointed out by OnAsset, it is OnAsset's assertion that John Crossno should be able to offer relevant lay witness opinion testimony under Federal Rule of Evidence 701. If such is the case, then excluding his expert testimony has no effect preventing John Crossno from testifying under Rule 701. All of this supports a finding that the failure to properly disclose John Crossno as an expert witness under Rule 26 is not justified or harmless.

For these reasons, the Court **GRANTS** the Motion to strike the expert designation of John Crossno and to exclude expert testimony from John Crossno in this matter. The Court's ruling herein has no effect as to whether or not John Crossno may testify as a lay witness related to the designated topics or whether John Crossno may provide lay opinion testimony on certain topics under Federal Rule of Evidence 701.

Since the Court has granted the Motion based on the insufficient expert disclosure of John Crossno, there is no need for the Court to address whether or not John Crossno is qualified as an expert witness or if his expected expert witness testimony is admissible.

## III.    Conclusion.

The Court **GRANTS** Zebra Technologies Corporation's Motion to Exclude and Strike OnAsset's Designated Experts, Adam Crossno and John Crossno (Doc. No. 145). Accordingly, the Court **STRIKES** OnAsset's expert designations of Adam Crossno and John Crossno and **EXCLUDES** expert testimony from Adam Crossno and John

Crossno in this matter. The Court's ruling herein has no effect as to whether or not Adam Crossno or John Crossno may testify as a lay witnesses related to the designated topics or whether Adam Crossno or John Crossno may provide lay opinion testimony on certain topics under Federal Rule of Evidence 701.

**SO ORDERED.**

Signed July 9th, 2025.

_Ed Kinkeade_

ED KINKEADE
UNITED STATES DISTRICT JUDGE